# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES ALAN ROSS, #321-218 | * |
| Plaintiff | * |
| v. | *   Civil Action No. JKB-16-2668 |
| RICHARD M. GUMMERE | * |
| Defendant | * |
| | *** |

## MEMORANDUM

*Background*

On May 1, 2015, the undersigned granted habeas corpus relief to James Alan Ross, finding that privately-retained trial counsel Richard M. Gummere lied to Ross in order to persuade him to accept a plea bargain, thus rendering the later guilty plea involuntary.[1] *See Ross v. Wolfe, et al.,* Civil Action No. JKB-11-1672 (D. Md.). Ross now sues Gummere, seeking reimbursement of attorney fees for himself and the lawyers who provided collateral assistance to Ross following his conviction. ECF No. 1 at p. 3. Ross remains incarcerated following a second plea agreement that greatly reduced his sentence. *Id.* Given his incarceration and previous demonstration of indigency, Ross shall be granted in forma pauperis status with regard to the instant complaint.[2]

*Standard of Review*

Because Ross is incarcerated, the Court is obliged by 28 U.S.C. § 1915A to screen his complaint and dismiss it upon a finding that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. In deciding whether the complaint is frivolous, a court "need

---

[1] Gummere has been disbarred. *See* ECF No. 1-1, Joint Pet. for Disbarment by Consent.

[2] Ross provided the Clerk a check for $175.00, indicating an intent to pay additional monies when able. ECF No. 1-2. In light of the outcome of this case, additional payment shall be waived.

not look beyond the complaint's allegations," but must hold the complaint to less stringent standards than pleadings drafted by attorneys and "must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989). Ross does not fully delineate the nature of suit. Given his status as a self-represented litigant, his complaint shall be analyzed as a state claim of legal malpractice and as a civil rights action under 42 U.S.C. § 1983.

The jurisdiction of the federal courts is limited. The burden of establishing subject matter jurisdiction rests on the party invoking the jurisdiction of the court. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). There is no presumption that jurisdiction is vested in the court. *See Pinkley, Inc. v. City of Frederick,* 191 F.3d 394, 399 (4th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

These standards shall be examined in light of Ross's claims.

*Civil Rights Claim*

At its core, a civil rights action under 42 U.S.C. § 1983 is directed to unlawful conduct under color of state law. *See Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379 (4th Cir. 2014). Section 1983 provides, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). In order for Ross to successfully

assert a claim of constitutional rights violation, the defendant he names must be acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). If the defendant is not acting under color of state law, the § 1983 claim is subject to dismissal.

Specifically, the persons charged with the civil rights violation must be a state official; someone who has acted with a state official; someone who has obtained significant aid from a state official; or someone whose conduct is somehow attributable to the state. Privately retained attorneys do not act under color of state law. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976); *see also Hall v. Quillen*, 631 F.2d 1154, 1155 (4th Cir. 1980).

In limited circumstances, seemingly private conduct can be the subject of a § 1983 suit. "[W]e have recognized four exclusive circumstances under which a private party can be deemed to be a state actor: (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir. 1999). None of the acts or conduct alleged by Ross in his complaint fall within these four categories of conduct. "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993).

*Legal Malpractice Claim*

A breach of contract or legal malpractice does not fall within the categories of conduct outlined above; it is a claim based on state law. Such a claim may, under certain circumstances, be brought under this court's diversity jurisdiction. Diversity jurisdiction applies "where the

3

matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Ross seeks sufficient damages and satisfies the amount-in-controversy requirement. The named defendant, however, is located in Maryland, where Ross also resides. Consequently, the parties are not diverse, and no diversity jurisdiction exists.

*Conclusion*

By separate order which follows, the complaint shall be dismissed without prejudice. Ross remains free to bring his claim in the appropriate state court.


July 26, 2016                                               _____/s/_____
Date                                                              James K. Bredar
                                                                     United States District Judge